IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE ROUSE,                              )
No. 07552-073,                            )
                                          )
                 Petitioner,              )
                                          )
vs.                                       )        CIVIL NO.  15-00017-DRH
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                 Respondent.              )

## MEMORANDUM AND ORDER

**HERNDON, Judge:**

Petitioner Jesse Rouse, an inmate currently housed at the United States Penitentiary in Marion, Illinois, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to overturn his criminal conviction and sentence (*United States v. Rouse*, Case No. 94-cr-40015 (D. S.D. 1994)).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

As a preliminary matter, it is observed that the caption of the petition is problematic. Petitioner appears to have used the caption of the underlying criminal case, which is problematic for more than stylistic reasons.

First, petitioner Rouse's co-defendants are included as petitioners, when it is clear that it is only brought by petitioner Jesse Rouse. Second, and most important, the proper respondent in a Section 2241 petition is the petitioner's jailer (the warden of USP-Marion), not the United States. *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948–49 (7th Cir.2006). Therefore, the petition must be dismissed. Dismissal shall be without prejudice, and Rouse will be given an opportunity to file an amended petition naming the proper respondent.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**. On or before **February 28, 2015**, petitioner Rousse shall file and amended petition. Failure to file an amended petition by the prescribed deadline will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Signed this 27th day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.27 16:32:07 -06'00'

**United States District Judge**