IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE ROUSE, ) | |
| No. 07552-073, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO.  15-00017-DRH |
| ) | |
| WARDEN JEFFREY S. WALTON, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

**HERNDON, Judge:**

Petitioner Jesse Rouse, an inmate currently housed at the United States Penitentiary in Marion, Illinois, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 6), seeking to overturn his 1994 criminal conviction and sentence (*United States v. Rouse*, Case No. 94-cr-40015 (D. S.D. 1994)).[1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

---

[1] Rouse's amended petition (Doc. 6) lists only the criminal case number, but the original petition (Doc. 1) indicates that he was convicted in the district of South Dakota.  Given that petitioner is proceeding *pro se*, the Court takes notice of the full case name, rather than requiring further amendment of the petition.

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Discussion

In *United States v. Rouse*, Case No. 94-cr-40015 (D. S.D. 1994), a jury convicted Jesse Rouse (his brother and two cousins) of the aggravated sexual abuse of five girls in his extended family, aged 20 month to seven years. Rouse was sentenced to imprisonment for 33 years. According to the petition, Jesse Rouse was convicted of abusing two children.

"Coercion" and the "suggestability" of the children to allege sexual abuse were issues at trial, and on direct appeal.

> A divided Eighth Circuit panel initially reversed the defendants' convictions, *United States v. Rouse*, 100 F.3d 560 (8th Cir. 1996), but after the entire Eighth Circuit granted *en banc* review and vacated the panel opinion, *United States v. Rouse*, 107 F.3d 557 (8th Cir. 1997), the panel, on rehearing, issued a new opinion affirming the convictions and *en banc* review was dismissed. *United States v. Rouse*, 111 F.3d 561 (8th Cir.), cert. denied, 522 U.S. 905, 118 S.Ct. 261, 139 L.Ed.2d 188 (1997).

*United States v. Rouse*, 329 F.Supp.2d 1077, 1079 (D. S.D. 2004).

A subsequent motion pursuant to 28 U.S.C. § 2255 attacking Rouse's sentence was denied. *See Rouse v. United States*, Case No. 98-cv-4213-LLP (D. S.D. 1999). A motion for new trial was also denied. *United States v. Rouse*, 329 F.Supp.2d 1077, 1079 (D. S.D. 2004). Ten years later, Rouse files the subject petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner relies upon *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and a more recent case, *McQuiggin v. Perkins*, __U.S.__, 133 S.Ct. 1924 (2013). Those cases stand for the proposition that actual innocence—a fundamental miscarriage of justice—is grounds for overriding a procedural bar such as the statute of limitations and granting relief. A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The newly presented evidence must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

Petitioner Rouse now presents two affidavits, purportedly signed by the two individuals he was convicted of molesting, who are now adults. The two affidavits are virtually identical (*see* Doc. 6, pp. 11-12). Both affiants attest that Jesse Rouse never touched, abused, sexually molested or harmed them.

Petitioner has laid the foundation for a viable actual innocence claim, and there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Jeffrey S. Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from

raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

The Clerk of Court is **DIRECTED** to have the record reflect that the respondent is Warden Jeffrey S. Walton (*see* Doc. 6).

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.03 10:03:31 -06'00'

**United States District Court**