# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JESSE ROUSE,**
 **Petitioner,**

**v.**               **3:15-cv-00017-DRH-CJP**

**DENESE WILSON,**
 **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

  Petitioner Jesse Rouse, an inmate in the custody of the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his 1994 conviction for aggravated sexual abuse of a minor. Now before the Court is Rous's amended petition under § 2241 (Doc. 6).

  Rouse was convicted by a jury in the District Court of South Dakota of two counts of aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c) and was sentenced to thirty-three years imprisonment. As grounds for habeas relief, Rouse claims that he has new evidence that shows he is actually innocent. The new evidence consists of affidavits purportedly from his victims stating that he never abused them.

  Respondent argues that petitioner is precluded from bringing a §2241 petition because the evidence is not new and petitioner raised this claim years ago in a motion for new trial.

1. **Relevant Facts and Procedural History**

On direct appeal, a divided panel of the Eighth Circuit initially reversed and remanded for a new trial. *United States v. Rouse*, 100 F.3d 560, 566 (8th Cir. 1996). However, the Eighth Circuit granted rehearing and affirmed the convictions. *United States v. Rouse*, 111 F.3d 561 (8th Cir. 1997).

The facts giving underlying petitioner's conviction are described in detail in the Eighth Circuit's opinion affirming the convictions after rehearing. Rouse, his brother, and two cousins were convicted of sexually abusing young female relatives on the Yankton Sioux Indian Reservation:

> The victims are granddaughters of Rosemary Rouse. During the summer and fall of 1993, defendants lived at Rosemary's home on the Yankton Sioux Reservation. The victims also lived or spent a great deal of time at this home. In October 1993, five-year-old R.R. was placed with Donna Jordan, an experienced foster parent, due to neglect and malnutrition. R.R. disclosed apparent sexual abuse to Jordan, who reported to the Tribe's Department of Social Services ("DSS") (as Jordan was required to do) that R.R. said she had been sexually abused. On January 10, 1994, DSS told Jordan to take R.R. to therapist Ellen Kelson. After an initial interview, Kelson reported to DSS (as Kelson was required to do) that R.R. had reported acts of sexual abuse against herself and other children in the Rouse home. On January 11, DSS removed thirteen children living in the Rouse home and placed them in Jordan's foster home. Of the four who disclosed sexual abuse by their uncles, T.R. was seven years old, L.R. was six, R.R. was five, and J.R. was four and one-half. The fifth victim of the alleged offenses, F. R., was a twenty-month-old infant.

*Rouse*, 111 F.3d at 565.

The children were examined by two physicians who found physical injuries consistent with sexual abuse. The evidence at trial included the testimony of the four oldest children and another child who witnessed acts of abuse, medical evidence, medical experts for the government and for the defense, and the

testimony of an FBI agent who interviewed the children. *Id*, at 566. Petitioner was ultimately convicted of abusing T.R. and J.R. *Rouse*, 100 F.3d at 566.

In February 1997, petitioner and his co-defendants filed a motion for new trial in their criminal case, alleging that the victims had recanted their testimony. *United States v. Rouse*, Case No. 94-cr-40015-LLP (D.S.D, February 19, 1997).

While the motion for new trial was pending, Rouse filed a motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255. Rouse did not argue in this motion that the victims had testified falsely or had recanted their testimony. The motion was denied as untimely on September 20, 1999. Rouse did not appeal. *Rouse v. United States*, Case No. 98-cv-4213-LLP (D. S.D. Sept. 20, 1999).

The district court held a lengthy evidentiary hearing on the motion for new trial. The four older victims and the child who witnessed the abuse testified, along with a number of other witnesses.

The Eighth Circuit affirmed the denial of the motion:

After reviewing the record as a whole, we conclude that the district court's credibility findings are not clearly erroneous and the denial of the new trial motion was not a clear abuse of discretion. By the time of the evidentiary hearing, the children had been living with their mothers for at least two years, within walking distance of their grandmother's home. These women never believed the children's accusations, and testified on the defendants' behalf at trial. The children knew their grandmother and mothers missed the defendants. The children saw letters written by the uncles from prison and spoke to the men by telephone. Family members drove the children to interviews by Dr. Underwager, whose stated purpose was to free their uncles from lengthy prison sentences. The district court's finding that the recantations were the product of family pressure and therefore not credible is overwhelmingly supported by this record. Combined with the defendants' failure to refute the powerful medical evidence of abuse at trial, this finding

fully justified the court's conclusion "that there is no reasonable probability that the recantations would produce an acquittal if a new trial were held." Accordingly, the district court did not abuse its discretion in denying the defendants' joint motion for a new trial.

*United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005).

**2.     Grounds for Habeas Relief**

Petitioner argues that he has "newly discovered evidence" which proves he is actually innocent of the crimes of which he was convicted. This evidence consists of two affidavits purportedly signed by the victims of his crimes. The affidavits are attached to Doc. 6 at pages 11 and 12.

The affidavits are identical except for the names of the affiants. One is signed by a person whose initials are J.R., and the other is signed by a person whose initials are F.R. The affidavits state, in part:

> As an adult at this time and place, I attest, affirm, and aver that, the accused, Jessie [sic] Rouse never, at any time in the past, touched me, molested me, sexually abused me, or harmed me in any way, despite false statements that surrounded the unfounded and unsupported accusations of his charge.

Both affidavits were signed on December 10, 2014.[1]

**3.     Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

---

[1] Rouse was convicted of abusing J.R. and T.R. The affidavits are signed by J.R. and F.R. F.R. was only 20 months old at the time of the crimes.

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

Petitioner Rouse is not entitled to habeas relief under §2241.

First, Petitioner does not meet the *Davenport* criteria because his claim that he is actually innocent does not rest upon a change in the law that post-dates his § 2255 motion.

In order to show that § 2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

Here, petitioner's argument relies not on a new rule of law, but on supposedly newly discovered evidence. Newly discovered evidence does not

permit the filing of a § 2241 petition here.[2] If the evidence actually were new, it might be grounds for filing a second or successive § 2255 motion, see § 2255(h). However, a second or successive § 2255 motion must be authorized by the court of appeals for the district of conviction before it can be considered by the district court. § 2244(b). Petitioner has not sought authorization from the Eighth Circuit to file a successive or second § 2255 motion, no doubt because the District of South Dakota has already rejected the victims' recantations and the Eighth Circuit has affirmed.

Here, of course, the evidence that petitioner relies upon is not new. Despite the fact that his motion for new trial was based on the victims' recantations, petitioner argues that the two affidavits are "new" because they were signed by the victims after they became adults. See, Doc. 22. That argument is baseless, to put it mildly.

Petitioner cites *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), arguing that case permits a claim of actual innocence based on new evidence to be brought at any time. Doc. 6, p. 4. That is incorrect.

*McQuiggin* does not hold that a claim of actual innocence is a free-standing basis for habeas relief. Rather, such a claim is only a gateway to consideration of defaulted constitutional claims under §2254. *McQuiggin*, 133 S. Ct. at 1931. See

---

[2] In *Webster v. Daniels*, 784 F.3d 1123, 1125 (7th Cir. 2015), the Seventh Circuit held that there is no "absolute bar to the use of the safety valve found in section 2255(e) for new evidence that would demonstrate categorical ineligibility for the death penalty." The new evidence there allegedly would have shown that it would be unconstitutional to execute the petitioner because he was intellectually disabled. *Webster* was limited to the unique situation presented; it did not overrule *Davenport* and does not open the door to § 2241 petitions based on new evidence in other scenarios.

*also*, *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015)("The Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence.")

*McQuiggin* holds that "a credible showing of actual innocence" may overcome the bar of the one-year statute of limitations for filing a habeas petition under 28 U.S.C. §2254. *McQuiggin,* 133 S. Ct. at 1931. The Supreme Court reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 115 S. Ct. 851, 865 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell,* 126 S. Ct. 2064, 2077 (2006). The affidavits presented by petitioner here fall far short of the *Schlup* standard, and they are not new evidence.

Further, by its terms, *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." The Supreme Court expressly noted that different rules apply to second or successive petitions. *McQuiggin*, 133 S. Ct. at 1933-1934. Petitioner Rouse is not a state prisoner who will be deprived of any chance of federal court review of constitutional claims if he is not allowed to proceed on a §2241 petition. Rather, he has already had an opportunity for direct appeal and review under §2255. He has already been afforded full consideration of his claim of actual innocence based on the victims' recantation. *McQuiggin* does not give him another shot.

## Conclusion

Jesse Rouse's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 6)** is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.04
08:56:07 -06'00'

**UNITED STATES DISTRICT COURT**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).